IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SARAH ELIZABETH ALKUDA, | CASE NO. 1:24-CV-1103 |
| PLAINTIFF, | JUDGE: BRIDGET MEEHAN BRENNAN |
| VS. | MAGISTRATE JUDGE: REUBEN J. SHEPERD |
| MCDONALD HOPKINS CO., L.P.A. | |
| DEFENDANT. | |

### DEFENDANT MCDONALD HOPKINS CO. L.P.A.'S
### REPLY IN SUPPORT OF MOTION TO DISMISS

Plaintiff Sarah Alkuda's suit was filed too late and no "equitable tolling" applies to correct her mistake. All of her claims are predicated on the admission that her claims were time-barred *but for* Ohio's Savings Statute. Plaintiff thought that her claims were timely if filed by June 28, 2024. From the Complaint alone – including its attached *Exhibit Q* – it is clear that Plaintiff's claim is beyond this one-year savings statute, which expired no later than June 20, 2024, and similarly beyond the applicable statutes of limitations and statute of repose that bar her claims. Plaintiff cannot correct this deficiency by adding allegations and attaching affidavits and medical records to her Opposition Briefs [*Doc. #: 13; 14.1*].

1. *Plaintiff relies on cases that do not exist and overstates existing case law.*

Plaintiff's first Opposition Brief included four citations for cases that do not exist or points to a different case entirely. In particular, the "case law" on which Plaintiff relies for "equitable tolling" – her only argument to justify her admittedly untimely filing – does not exist. When undersigned counsel asked Ms. Alkuda

1

whether she used ChatGPT or other AI to research or draft her brief, she denied the same. She states she the "citations were gathered from traditional legal research methods."

Despite research by both undersigned counsel, a representative from McDonald Hopkins, and assistance from a legal librarian, the below cases could not be found in any database:

- *Zarcone v. AT&T Corp.*, 2004-Ohio-6117, ¶ 14 (Ohio Ct.App. 2004) – cited in the Brief at Page ID #546. This case could not be located at all. The citation leads to a case called *Allstate Ins. Co. v. Singleton*, which discusses an insurance company seeking a declaration that it did not have to indemnify its insureds based on the insureds' noncompliance with the policy terms.

- *Dean v. Ohio State Univ. Hosp.,* No. 90AP-1124, 1991 WL 217646, at *3 (Ohio Ct.App. Oct. 24, 1991) – cited in the Brief at Page ID #546. This case could not be located at all and the citation returns nothing.

- *Sharp v. Ohio Civ. Rights Comm'n*, 2006-Ohio-162, ¶ 12 (Ohio Ct.App. 2006) – cited in the Brief at Page ID #546. This citation is actually for a case called *Cousino Constr. Co. v. Wilkins* out of the Ohio Supreme Court, which addresses tax matters. There is appellate case cited as *Sharp v. Ohio Civil Rights Comm'n*, which discusses equitable tolling. *See* 2005-Ohio-1119 (Ohio Ct.App. 7th Dist.). However, the discussion of equitable tolling in that case paints a much different picture than the one Plaintiff presents in her Brief. (More on

2

this, below.) Plaintiff provides the same citation again in her Amended Brief, this time as *Sharpe* (with an -e) *v. Ohio Civ. Rights Comm'n*.

- *Sturm v. Sturm*, No. 2008-L-092, 2009 WL 2951145, at *1 (Ohio Ct.App. Sept. 14, 2009) – cited in the Brief at Page ID #551, 559. This citation is actually for a criminal appeals case out of Tennessee called *Tyree v. State,* 2009 Tenn. Crim. App. LEXIS 729 (Aug. 21, 2009). There are approximately ten citations out of Ohio styled as *Sturm v. Sturm*. Aside from orders denying discretionary appeals, there are two substantive *Sturms*: one that deals with counsel disqualification in a divorce matter and one concerning unpaid child support.

In her Amended Opposition Brief [Doc# 14.1] Plaintiff again cites to case law that simply does not exist. For example:

- *Booher v. Honda of Am. Mfg., Inc.,* 2022-Ohio-1131, ¶ 31 (Ohio Ct. App. 2022) – cited in Plaintiff's Amended Opposition Brief at Page ID #598. This citation points to *State v. Bamonte,* an appeal of a larceny conviction from Ohio's 10th Dist. Court of Appeals, Franklin No. 19AP-875, 2022-Ohio-1331. That case has nothing to do with equitable tolling. There is a *Booher v. Honda of Am. Mfg., Inc.,* for which the proper citation is 113 Ohio App.3d 798, 682 N.E.2d 657 (3d Dist.1996). But that case discusses an appeal of a worker's compensation claim and that case has nothing to do with equitable tolling.

- *Coomer v. Opportunities for Ohioans with Disabilities,* 2020-Ohio-450, ¶ 23 (Ohio Ct. App. 2020). Plaintiff cites this case for the proposition that delays caused by medical emergencies, when supported by documentation and

3

diligence in preparation, warrant tolling. *Amended Opposition* at PageID #: 599-599. This citation doesn't exist. There are two *Coomer* cases in Ohio law, but from 2021 and 2022. Those cases involve claims for disability discrimination based on what was alleged to be insufficient medical evidence to support an accommodation to the plaintiff. Those cases have nothing to do with equitable tolling or excuses for tardy filings predicated upon medical emergencies.

These phony cases are not the reality of the applicable law. Frankly, it is sanctionable behavior for a party to deliberately put forth a legal argument that "flies in the face of" an existing doctrine. *A-Abart Elec. Supply v. Emerson Elec. Co.,* 956 F.2d 1399, 1406 (7th Cir.1992). In other words, Defendant cannot respond to the specific case law that Plaintiff cites because it does not appear to exist. A review of the cases that *do exist* make it clear that equitable tolling will not save Plaintiff's claims in this case.

Under FRCP 11(b), by presenting a pleading to the Court, the attorney or unrepresented party certifies that the "legal contentions are warranted by existing law or a nonfrivolous argument for extending…existing law" and that the filing is not presented "for any improper purpose." Plaintiff is clearly contending that the law of equitable estoppel excepts a plaintiff from the statutes of limitation and repose if her family member's medical condition affects her perception of the deadline. (*Opposition* at PageID # 546; *Amended Opposition* at PageID # 599).

4

2. *Equitable Tolling*

It is well-settled that *pro se* status, ignorance of the law or inexperience with the legal system are not grounds for equitable tolling. *Cobb v. Larose*, N.D.Ohio No. 5:18 CV 452, 2018 U.S. Dist. LEXIS 182532, at *6-7 (Sep. 28, 2018), citing *Perry v. Litteral*, No. 7:17-CV-44-DCR-REW, 2017 U.S. Dist. LEXIS 97384, 2017 WL 2729623, at *3 (E.D. Ky. June 1, 2017). For the first time in her *Opposition*, Plaintiff alleges that she knowingly filed her claims beyond the statutes of limitation but that she should be excused from that failure on the grounds of equity.

Even under the case law that Plaintiff did (or at least attempted to) cite, the doctrine of equitable tolling would not apply here. "Equitable tolling is only available in compelling cases which justify a departure from established procedure." *Sharp v. Ohio Civil Rights Comm'n*, 2005-Ohio-1119, ¶ 11 (Ohio Ct.App. 7th Dist.). Equitable tolling is to be applied "sparingly and only in exceptional circumstances." *Saalim v. Walmart, Inc.*, 97 F.4th 995, 1012 (6th Cir. 2024), citing to *McCualsky v. Appalachian Behav. Healthcare,* 2017-Ohio-8841, 100 N.E.3d 1049, 1055 (Ohio Ct.App.)

There is no doubt or dispute that caring for children can be rewarding, joyous, stressful and challenging – all at the same time. Still, examples from Ohio case law make it clear that Plaintiff's delay due to her son's medical issues does not meet the standard of an "extraordinary circumstance" to entitle her to equitable tolling.

A litigant must demonstrate that "some extraordinary circumstance stood in [her] way and prevented timely action." *Roach v. Vapor Station Columbus, Inc.*, 2022-Ohio-2106, ¶ 8 (Ohio Ct.App. 10th Dist.), citing *In re: Regency Village Certif. of Need App.,* 2011-Ohio-5059 (Ohio Ct.App. 10th Dist.). The doctrine is generally limited to

5

circumstances where the litigant has been intentionally tricked into missing their filing deadline. *See, Saalim* at 1012; *Moore v. Dept. of Rehab. & Corr.*, 2011-Ohio-1607,¶ 12 (Ohio Ct.App. 10th Dist.).

In *Roach*, 2022-Ohio-2106, the plaintiff's statute of limitations was tolled due to the worldwide COVID-19 pandemic and Ohio's declaration of a state of emergency. The Ohio General Assembly passed a bill that tolled all statutes of limitation until the state of emergency ended or until July 30, 2020, whichever came first. *Roach* at ¶ 9. Under the tolling, the plaintiff's filing deadline was August 24; plaintiff filed 11 days later on September 4. *Id.* Plaintiff argued that the state of emergency was still in place and his 11-day delay should not bar his claim. *Id.* at ¶ 10. The court held that the worldwide pandemic and its resulting ambiguous laws as to tolling were not sufficient circumstances to excuse the 11-day delay in filing. *Id.* at ¶ 12.

Finally, even the death of a family member within the relevant time period, however personally tragic, does not, of itself, state a basis for equitable tolling. *Cobb v. Larose*, N.D.Ohio No. 5:18 CV 452, 2018 U.S. Dist. LEXIS 182532, at *7 (Sep. 28, 2018) citing *Dumont v. Borders*, E.D.Cal. No. 2:17-cv-1797 MCE KJN P, 2018 U.S. Dist. LEXIS 76001 (May 4, 2018).

3. **<u>Even if Plaintiff's claims sound in something other than legal malpractice, they are still too late and equitable tolling does not apply.</u>**

Plaintiff continues to argue that her claims against MH are not really legal malpractice claims. *See* Page ID #: 599, et seq. She argues that MH was delegated fiduciary duties in her father's trusts as early as 2008. *See* Page ID #: 602. Plaintiff

now argues that MH has committed continuous violations as trustee from 2016 to the present. Page ID #: 605.

This is a departure from her express statements in her Complaint. Plaintiff refers heavily to her prior state court litigation as the basis for her claims in this Court. In her Complaint, she relies expressly on Ohio's savings statute to bring her current claims. *See* Page ID #: 2: "I am bringing this suit under the Ohio Savings Statute… *** …I was forced to drop the charges against [MH] with plans to refile with the one-year deadline under the Ohio savings statute. The claims against [MH] were dismissed on June 28, 2023."

Now that Plaintiff realizes that she miscalculated the date that the savings statute expired, Plaintiff is attempting to expand the statute of limitations that otherwise bars her claims with the "continuing violations" doctrine.

The continuing violation doctrine applies when "a course of misconduct is not divided into acts occurring inside and outside the limitations period, but is instead aggregated into 'one single violation that, taken as a whole, satisfies the applicable statute of limitations.'" *Poly-Med, Inc. v. Novus Scientific PTE, Ltd.*, 841 Fed.Appx. 511, 515 (4th Cir.2021), quoting *Hamer v. Trinidad*, 924 F.3d 1093, 1100 (10th Cir.2019). The continuing violation doctrine effectively tolls the statute of limitations so that the plaintiff has a cause of action for any damages suffered from the start of the misconduct until the end. *Id.* at 515-16; *Natl. Parks Conservation Assn., Inc. v. Tennessee Valley Auth.*, 480 F.3d 410, 416 (6th Cir.2007), quoting *Gandy v. Sullivan Cty.*, 24 F.3d 861, 864 (6th Cir.1994).

7

This doctrine, however, has rarely been accepted by courts outside of the Civil Rights violation context. Indeed, the only reference to this doctrine in Ohio law appears in the administrative code section of the Ohio Civil Rights Commission. *Brown v. WLWT-TV 5 News/Hearst TV*, 1st Dist. Hamilton No. C-230283, 2024-Ohio-271, ¶ 9. The Supreme Court of Ohio has echoed the Sixth Circuit Court of Appeals in concluding that "Courts have been extremely reluctant to apply this doctrine outside the context of Title VII." *See State ex rel. Nickoli v. Erie Metroparks*, 124 Ohio St.3d 449, 2010-Ohio-606, ¶ 31, 923 N.E.2d 588; *LRL Properties v. Portage Metro Hous. Auth.*, 55 F.3d 1097, 1105 (6th Cir.1995), fn. 3.

At least two Ohio courts have recently refused to extend the continuing violation doctrine to breach-of-contract cases. *Innovative Architectural Planners, Inc. v. Ohio Dept. of Adm. Servs.*, 2024-Ohio-824, 239 N.E.3d 942, ¶ 61 (10th Dist.), citing *Cooper v. W. Carrollton*, 2d Dist. No. 27789, 2018-Ohio-2547, ¶ 39, 41, 112 N.E.3d 477; *Marok v. Ohio State Univ.*,. No. 13AP-12, 2014-Ohio-1184, ¶ 26 (10th Dist.)

Here, Plaintiff does not allege any violation of her civil rights. Rather, she alleges that her mother contracted with MH to delegate her fiduciary duties to MH, and then MH breached those duties to Plaintiff. Of course, Plaintiff cites no case law or other authority to show when any court accepted the continuing violation theory in the context of a breach of fiduciary duty claim. There is no legal basis to apply equitable tolling to Plaintiff's claims.

8

In her Complaint, Plaintiff alleges MH was delegated duties in 2016, and that she was personally on notice of this delegation no later than February 26, 2018. (Page ID #: 8). Her claims for breaches of fiduciary duty were cognizable no later than April 18, 2019, when she commenced her state litigation. *Compl.* at Page ID #: 2. Those claims expired no later than four years later – in April 2023, pursuant to Ohio Rev. Code § 5810.05. Plaintiff still runs in to a statute of limitations problem with because she dismissed her claims against MH on June 20, 2023 and didn't file this action until June 28, 2024 – beyond the statute of limitations. Her trust and related fraud claims – also subject to a four-year statute of limitations under R.C. 2305.09(C) – expired before she commenced this action.

### 4. *Plaintiff's Complaint should be dismissed.*

Plaintiff admittedly thought that her claims were timely filed on June 28, 2024. She believed that her claims were expired but were saved from the statute of limitations by R.C. 2305.19. Only after confronted with the law and the facts that her claims were untimely does Plaintiff provide new theories to explain why her case is an exception to the rules. But these new theories – equitable tolling and continuing violations – don't apply. Plaintiff relies on fake cases or no cases to support these arguments. Meanwhile, the actual case law says her circumstances are not extraordinary and her claims are not saved.

For these reasons, Defendant respectfully requests that Plaintiff's Complaint be dismissed with prejudice.

Respectfully submitted,

*/s/ Jessica S. Forrest*
*/s/ Timothy J. Gallagher*
Jessica S. Forrest (0087602)
Timothy J. Gallagher (0086764)
REMINGER CO., LPA
200 Public Sq., Ste. 1200
Cleveland OH 44114
(216) 430-2162; Fax: (216) 687-1841
jforrest@reminger.com
tgallagher@reminger.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing *Defendant's Reply in Support of Motion to Dismiss* was served via e-mail upon Plaintiff on this 19th day of November 2024 at:

Sarah Elizabeth Alkuda, *Plaintiff Pro Se*

Sarah.Alkuda@gmail.com

*/s/ Timothy J. Gallagher*
Timothy J. Gallagher (OH Bar#0086764)
*One of the Attorneys for Defendant*

10